UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCELLO CELENTANO, <br><br> Plaintiff, <br><br> v. <br><br> CLARIS VISION HOLDINGS, LLC, <br><br> Defendant. | Civil Action No. 18-cv-10746-ADB |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Marcello Celentano claims that Defendant Claris Vision Holdings, LLC ("CVH") breached his employment contract and violated the Massachusetts Wage Act, Mass. Gen. Laws ch. 149 § 148, when it failed to pay him a bonus of $150,000 that was due in 2017. CVH moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3), or alternatively to stay this case pending resolution of a lawsuit Celentano filed in the Western District of North Carolina against two entities that are related to CVH. [ECF No. 10]; Celentano v. Eli Global, LLC, No. 1:18-cv-80 (W.D.N.C.). For the reasons explained herein, the motion to dismiss, or alternatively to stay, is DENIED.

**I.     BACKGROUND**

For this summary, the Court takes the allegations stated in the Complaint as true. [ECF No. 1] ("Compl."). Certain facts are also taken from Celentano's North Carolina Complaint, which CVH has filed in support of its motion. [ECF No. 11-1] ("NC Complaint" or "NC Compl.").

On July 8, 2014, Celentano entered into an employment agreement with Claris Vision LLC ("CVL"). Compl ¶ 2. The agreement contained a choice of law and choice of forum clause that provided:

> This Agreement shall be governed by and construed in accordance with the internal laws of The Commonwealth of Massachusetts, without regard to its choice of law provisions. Any proceeding arising out of or relating to this Agreement shall be brought in the courts of Suffolk County in The Commonwealth of Massachusetts, or, if it has or can acquire jurisdiction, in the United States District Court therein. This provision may be filed with any court as written evidence of the knowing and voluntary irrevocable agreement between parties to waive any objections to jurisdiction, venue or convenience of forum.

Id.; see also [ECF No. 9 ¶ 15]. The agreement provided for an annual bonus based on CVL's earnings with a target bonus amount of $125,000. [ECF No. 9 ¶ 5(b)]. In 2017, anticipating a merger that Celentano was responsible for achieving, CVL agreed that Celentano would instead receive a bonus of $150,000 upon successful completion of the merger. Compl. ¶ 6. The other provisions of the employment agreement remained unchanged. Id. In December 2017, the merger was completed, the $150,000 bonus became due, and Defendant CVH assumed responsibility for the bonus when it succeeded to the rights and obligations of CVL through the merger. Id. ¶¶ 4, 6. Also at that point in time, Celentano became an employee of CVH, which was controlled by Eli Global, LLC ("Eli"). Id. ¶ 4; [ECF No. 12 at 1].

Shortly after the merger, Celentano entered a new employment agreement with Eli and its subsidiary, ECL Group LLC ("ECL"). Id. ¶ 7. The new agreement ended Celentano's employment under the agreement with CVL (then-assumed by CVH), but it did not terminate CVH's obligation to pay his 2017 bonus. Id. Under his new employment agreement, Celentano's salary was $300,000 and he was entitled to a bonus of up to half his annual salary or $150,000. NC Compl. ¶ 5. The new agreement had a forum selection clause that provided, "The parties hereto irrevocably and unconditionally submit to the exclusive jurisdiction of any State or

Federal court sitting in North Carolina, over any suit, action or proceeding arising out of or relating to this Agreement." Id. ¶ 2.

On February 28, 2018, Celentano was notified that his employment would be terminated. Compl. ¶ 10. He requested the $150,000 bonus due for his work during 2017, but CVH refused to pay him. Id. Additionally, Eli and ECL declined to pay Celentano under his new employment agreement, which Celentano claims entitles him to $450,000 ($300,000 salary plus $150,000 bonus for termination without cause). NC Compl. ¶ 15.

Celentano has filed two lawsuits: (1) the North Carolina lawsuit for violations of North Carolina law and breach of his new contract by Eli and ECL, and (2) this lawsuit for violations of Massachusetts law and breach of his earlier contract by CVH as successor to CVL.

## II. DISCUSSION

CVH argues that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) because the District of Massachusetts is an "improper venue" given the overlap between this case and Celentano's lawsuit in North Carolina. Fed. R. Civ. P. 12(b)(3). "Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer." TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996) (citing West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985)). "But where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." Id. (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)).

Here, this lawsuit and the North Carolina lawsuit concern alleged breaches of different contracts by different defendants at different times. Allowing both lawsuits to progress is therefore unlikely to result in the sort of "duplicative litigation and . . . waste of judicial resources" that might justify invoking the first-to-file rule. Cordell Eng'g, Inc. v. Picker Int'l, Inc., 540 F. Supp. 1316, 1318 (D. Mass. 1982). Additionally, this Court and the North Carolina court appear to be proper forums based on the terms of the respective contracts at issue in each case, and each court has a comparative advantage in adjudicating the state law claim pending before it.

It is true that there may be some overlap in discoverable information between the two cases. For example, CVH suggests that its obligation to pay the bonus at issue here was assumed by Eli and ECL, which could lead to discovery related to Celentano's later employment agreement. See [ECF No. 15 at 1]. Celentano has, however, maintained that CVH's obligations were not superseded by Celentano's employment agreement with Eli and ECL. See [ECF No. 18 at 2]. Nonetheless, assuming the alleged assumption of CVH's obligations will be disputed in this case, is does not appear at all relevant to the North Carolina lawsuit given that the Defendants in that case are unlikely to argue that they assumed obligations under Celentano's earlier agreement with CVL. Therefore, any overlap in discoverable information appears unlikely to lead to inconsistent rulings. The Court expects that the parties will coordinate discovery between the two cases to the extent it is efficient to do so, but this lawsuit will not be stayed or dismissed.

### III. CONCLUSION

Accordingly, the motion to dismiss, or alternatively to stay, [ECF No. 10], is DENIED.

4

**SO ORDERED.**

January 25, 2019                                      /s/ Allison D. Burroughs
                                                      ALLISON D. BURROUGHS
                                                      U.S. DISTRICT JUDGE