UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARCELLO CELENTANO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-10746-ADB |
| | * | |
| CLARIS VISION HOLDINGS LLC, and | * | |
| CLARIS VISION LLC, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO FILE THIRD AMENDED COMPLAINT**

BURROUGHS, D.J.

Plaintiff Marcello Celentano ("Celentano") filed this action against his former employer, Claris Vision LLC ("Claris") and Claris Vision Holdings LLC ("Claris Holdings" and "Defendants," together with Claris), seeking a "Target Bonus" that he alleges was promised by Claris' Board of Directors in a 2014 employment agreement. [ECF No. 1]. Currently pending before the Court are Celentano's motion to file a third amended Complaint, [ECF No. 49], and Celentano's motion for a protective order requiring a consolidated deposition, [ECF No. 53]. For the following reasons, Celentano's motion to amend, [ECF No. 49], and motion for a protective order, [ECF No. 53], are each GRANTED in part and DENIED in part.

**I.   BACKGROUND**

Celentano is a resident of Naperville, Illinois. [ECF No. 36 at 1]. Claris and Claris Holdings are incorporated in Delaware and have their principal places of business in Boston, Massachusetts. [Id.]. On July 8, 2014, Celentano entered into an employment agreement with Defendants, which specified that it would be governed by and construed in accordance with

Massachusetts law. [Id. at 2]. In 2017, Defendants changed Celentano's base salary in anticipation of a possible merger with entities controlled by Eli Global, LLC. [Id. at 3]. Under the new terms, Celentano would receive a $150,000 bonus if the merger was successful. [Id.]. The companies merged in December 2017. [Id.]. According to Celentano, Eli Global's purchasing offer included funds to pay bonuses that were contingent on the merger. [Id. at 4].

Under Eli Global's ownership, Celentano became President of the "Provider Management Division of the Eye Care Leaders Group as conducted by and through ECL [an Eli Global subsidiary] and other entities." [Id.]. On February 28, 2018, Celentano was terminated from that position. [Id.]. He still has not received the promised $150,000 bonus. [Id.].

The second amended complaint alleges that Defendants breached the 2014 Claris Vision employment agreement by failing to pay Celentano his $150,000 bonus following the successful merger. [Id. at 5].[1] Celentano also filed a case in the Western District of North Carolina against Eli Global LLP and ECL Group LLC. [ECF No. 49 at 10]. In that case, Celentano alleges that he is owed $450,000 in severance pay from Eli Global under his 2017 employment contract with that company. [Id. at 11]. If the court in that case determines that Celentano was consistently employed by Defendants in this case, and is therefore not entitled to severance from Eli Global, then the 2014 employment agreement with Defendants may be controlling. That employment agreement provided severance in the amount of $150,000 plus a continuation of his health insurance coverage for six months. [Id.].

---

[1] Celentano also brought a claim under Massachusetts General Laws chapter 149, § 150 seeking treble damages, in the amount of $450,000, [ECF No. 36 at 5], but voluntarily dismissed that claim with prejudice on June 17, 2019, [ECF No. 43].

2

Celentano now seeks to add three additional counts as alternatives to his original breach of contract claim: promissory estoppel, conversion, and unjust enrichment. [ECF No. 49 at 9–10]. Celentano also seeks to add a breach of contract for Eli Global's failure to provide his severance pay, which is brought in the alternative to a breach of contract claim asserted in Celentano v. Eli Global LLP, et al., No. 18-cv-80 (W.D.N.C.). [ECF No. 49 at 10–12]. He therefore requests that Eli Global LLC and ECL Group LLC be joined as defendants. [ECF No. 56 at 8].

## II.    PROCEDURAL HISTORY

Celentano first filed this action against Claris Vision Holdings LLC on April 17, 2018. [ECF No. 1]. Defendants filed a motion to dismiss on May 29, 2018, [ECF No. 10], which the Court denied on January 25, 2019, [ECF No. 19]. Defendants answered that complaint on February 8, 2019. [ECF No. 21].

In the meantime, Celentano filed a motion to amend the complaint and to add Claris Vision LLC as a defendant on January 31, 2019, [ECF No. 20], which the Court granted on February 13, 2019, [ECF No. 24]. On March 18, 2019, Celentano filed a second motion to amend, [ECF No. 34], citing a clerical error in the first amended complaint, which the Court granted that same day, [ECF No. 35].

On September 9, 2019, Celentano once again sought to file an amended complaint. [ECF No. 49]. Defendants opposed on September 23, 2019, [ECF No. 51], and the Court granted leave for Celentano to reply, [ECF Nos. 55, 56]. All fact discovery was to be completed by November

29, 2019. [ECF No. 46]. In light of this motion, the Court granted a joint motion to extend the scheduling order dates until January 28, 2020. [ECF No. 59].

### III. MOTION TO AMEND

Under Federal Rule of Civil Procedure 15(a), where a party seeks to amend a pleading more than 21 days after a motion to dismiss or answer has been filed, it may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[2] Rule 15 instructs that leave to amend should be "freely give[n] . . . when justice so requires." Id. "At a certain point," however, "this amendment-friendly regime may cease to govern." U.S. *ex rel.* D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st Cir. 2015). "Reasons for denying leave to amend [under Rule 15(a)(2)] include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." Marchand v. Town of Hamilton, No. 09-cv-10433, 2011 WL 613699, at *1 (D. Mass. Feb. 9, 2011) (citing United States *ex rel.* Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009)). "In determining whether to grant a motion to amend, the Court must examine the totality of the circumstances and 'exercise its informed discretion in constructing a balance of pertinent considerations.'" United States *ex rel.* Hagerty v. Cyberonics, Inc., 146 F. Supp. 3d 337, 342 (D. Mass. 2015) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30–31 (1st Cir. 2006)).

---

[2] In cases where a district court has issued a scheduling order under Rule 16(b) and the amendment sought contravenes a deadline imposed by the court, "Rule 16(b)'s more stringent good cause standard supplants Rule 15(a)'s leave freely given standard." U.S. *ex rel.* D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st Cir. 2015) (first citing Cruz v. Bristol-Myers Squibb Co., P.R. Inc., 699 F.3d 563, 569 (1st Cir. 2012); and then citing Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008)). In this case, the Court issued a scheduling order on August 7, 2019, [ECF No. 46], which required that fact discovery be completed by November 29, 2019. It made no reference to amendments to the pleadings.

"Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of trial, and a likely major alteration in trial tactics and strategy . . . .'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998)). "As a case progresses, . . . the burden on a plaintiff seeking to amend a complaint becomes more exacting." Id.

"In the First Circuit, it is well-established that 'undue delay in moving to amend, even standing alone, may be . . . an adequate reason [to deny a motion for leave to amend].'" Hagerty, 146 F. Supp. 3d at 343 (quoting In re Lombardo, 755 F.3d 1, 3 (1st Cir. 2014)) (alterations in original). "Where . . . considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for his neglect and delay.'" Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983) (quoting Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19–20 (1st Cir. 1979)).

Celentano first filed the complaint on April 17, 2018, primarily alleging that Defendants breached the employment agreement by failing to pay his $150,000 bonus. He has since amended the complaint twice. To justify the untimeliness of the instant motion, Celentano claims that he "prudently sought the documents in discovery he needed to be sure that his new claims were well grounded in fact, obtained those documents after considerable effort, and has moved promptly to amend now that the documents and answers to his interrogatories lay out the basis for alternative claims to be asserted." [ECF No. 50 at 5]. Yet, he also admits that "the claims arise out of the same facts and transactions" already asserted in his previously amended complaints. [Id.]. His newly added claims of promissory estoppel, conversion, and unjust enrichment depend on all of the same factual allegations as the original breach of contract claim.

5

He has therefore failed to demonstrate that he was unable to bring these claims before discovery and will not be granted leave to amend the complaint to add those claims.

Regarding Celentano's proposed severance claim and adding Eli Global LLC and ECL Group LLC as defendants, Celentano claims to have learned in discovery that the decision "to fire Celentano was made and executed by persons working for ECL Group LLC, with no indication of even a semblance of involvement by the Claris Vision Board of Directors." [ECF No. 50 at 9]. Defendants also provided documents demonstrating that Eli Global demanded a specific transfer of additional funds so that it could provide the merger-dependent bonus payments that had been promised. [Id.]. Celentano has conceded that "once this Court allows the filing of the Third Amended Complaint, [he] is likely to request a transfer of [the severance claim] to the Western District of North Carolina pursuant to 28 U.S.C. § 1404." [ECF No. 50 at 10].

Although Celentano seeks to add Eli Global LLC and ECL Group LLC as defendants, he fails to cite any support for their joinder. "Additional considerations are relevant when a plaintiff seeks to join a new party." Cook v. USAA Casualty Ins. Co., No. 16-cv-00207, 2019 WL 2418752, at *3 (D. Mass. June 10, 2019). Under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Although Rule 21 permits the addition of a new party at any stage, the court typically will deny a request that comes so late in the litigation that it will delay the case." Gianetta v. Boucher, 981 F.2d 1245, No. 92-1488, 1992 WL 379416, at *8 (1st Cir. 1992) (internal quotation marks omitted). "[T]he district court need not grant a request to amend which would be futile." MacFarlane v. McKean, 4 F.3d 982, No. 92-2390, 1993 WL 349674, at *5 (1st Cir. 1993).

6

Celentano seeks to add Eli Global LLC and ECL Global LLC because "they treat their subsidiary Claris without the slightest operational distinction from themselves." [ECF No. 56 at 12]. Further, many of the relevant documents produced in discovery in this case duplicate the documents produced in the related North Carolina case. Celentano has demonstrated that he could not have been aware that Defendants' corporate parents, rather than Defendants, made the decision to terminate his employment. The Court therefore finds that joining Eli Global LLC and ECL Global LLC would not be unduly prejudicial or unduly delay the case.

## IV.    MOTION TO CONSOLIDATE DEPOSITION OF PLAINTIFF

Celentano has also filed a motion for a protective order requiring a consolidated deposition under Federal Rule of Civil Procedure 26(c)(1)(B), so that his deposition in this case is scheduled at a time and place where it can be taken together with his deposition in the related North Carolina case, Celentano v. Eli Global LLC, et al., No. 18-cv-80 (W.D.N.C.). [ECF No. 53]. When the Court previously denied Defendants' motion to dismiss it explained that the parties were to "coordinate discovery between the two cases to the extent it is efficient to do so . . . ." [ECF No. 19 at 4].

Under Rule 26(c)(1)(B), the Court "may, for good case, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by specifying the time and place of disclosure or discovery. F. R. Civ. P. 26(c)(1)(B). Defendants, both in this case and the concurrent North Carolina action, are entitled to a full seven-hour day of depositions. See Fed. R. Civ. P. 30(d). Defendants argue that Celentano has failed to demonstrate an undue burden, despite his need to travel from Illinois for the depositions. [ECF No. 57 at 1–2].

7

In order to avoid the expense of unnecessary travel, the parties are ordered that the deposition of Celentano shall take place in North Carolina. To the extent possible, the parties should schedule the deposition in this case and the concurrent North Carolina case so as to require only one trip. The plaintiff filed two lawsuits and will therefore be subject to two depositions, if that is what the various defendants prefer.

## V. CONCLUSION

Accordingly, Celentano's motion to amend, [ECF No. 49], is <u>GRANTED</u> in part and <u>DENIED</u> in part. Celentano has failed to demonstrate a valid reason for failing to previously include the alternative claims for relief in his breach of contract claim. He is given leave to amend the complaint to add Eli Global LLC and ECL Group LLC as defendants, however, because he has demonstrated that he learned in discovery that those parties made the decision to terminate his employment. Celentano's motion for a protective order, [ECF No. 53], is likewise <u>GRANTED</u> in part and <u>DENIED</u> in part. Celentano's deposition shall take place in North Carolina. The parties should, to the extent possible, coordinate their depositions with the concurrent North Carolina litigation to avoid unnecessary travel.

**SO ORDERED.**

January 14, 2020 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE